## STONE v. LAWRENCE et al.

No. 19929.   Opinion Filed Nov. 17, 1931.

Holcombe & Lohman and H. M. Curnutt, for plaintiff in error.

G. W. Goad, for defendants in error.

HEFNER, J.   This is an action by L. B. Stone against G. N. Lawrence, Nora Lawrence, and others for the specific performance of a written contract for the sale and exchange of real estate.

On the 5th day of November, 1927, the parties entered into a written contract whereby defendant G. N. Lawrence agreed to convey to plaintiff 80 acres of land in consideration of $2,000 and the conveyance of a five-acre tract to defendants by him. Plaintiff's property is located in Osage county.   Under the terms of the contract both parties agreed to convey their respective properties by warranty deed and furnish abstracts showing merchantable titles. The contract further provides:

"It is further mutually agreed and understood that both deeds conveying the above-described properties be executed and placed in escrow together with this contract to await the bringing down of both abstracts which are to show a merchantable title to the properties being conveyed. * * *

"As soon as the abstracts have been certified to date and approved by both parties, all papers are to be exchanged and a final consummation of the deal made."

In accordance with this provision of the contract, the parties executed deeds and procured abstracts to their respective properties and placed them in escrow in the State Bank of Siloam Springs, Ark.   The deed executed and placed in escrow by plaintiff contained the following reservation:

"**To have and to hold** the same, together with all and singular the tenements, hereditaments, and appurtenances thereto belonging to or in any wise appertaining forever, subject to reservation for oil, gas, coal, and other minerals to the Osage Tribe of Indians by Act of Congress, June 28, 1906 (24 Stat. L. 539), and acts amendatory thereof and supplementary thereto."

The title to the five acres of land sought to be conveyed by plaintiff was originally in the Osage Tribe of Indians.   On June 28, 1906, Congress passed an act which authorized division of the tribal funds and allotment of the tribal lands.   The act, among other things, provides:

"(3)   That the oil, gas, coal, or other minerals covered by the lands for the selection and division of which provision is herein made are hereby reserved to the Osage Tribe for a period of 25 years from and after the 8th day of April, 1906. * * *"

Defendants, after examination of the abstract and deed executed by plaintiff, rejected his title because of the reservation and refused to consummate the trade. Plaintiff then brought this action for specific performance.

The defense was that plaintiff was unable to comply with the contract on his part and could not therefore maintain the action. The trial court sustained the contention of defendants and rendered judgment in their favor.   Plaintiff contends that the judgment is contrary to law.   He, however, concedes that under the act of Congress referred to he could not convey a fee-simple title to defendants because the mineral rights are reserved by the act to the tribe.   Plaintiff, however, seeks to invoke the following rule:

"All contracts are to be construed in the light of the rules and principles of law applicable to the subject-matter of the transaction; and those rules and principles control the rights of the parties; the laws upon the subjects of the contract being read into it and becoming a part thereof to the same extent as though they were written into its terms."

This, as a general rule, is a correct statement of the law, but we do not think is applicable to the facts in this case.   Our statutes define what a warranty deed conveys. Section 5259, C. O. S. 1921, is as follows:

"A warranty deed made in substantial compliance with the provisions of this chapter shall convey to the grantee, his heirs or

assigns, the whole interest of the grantor in the premises described, and shall be deemed a covenant on the part of the grantor that at the time of making the deed he is legally seized of an indefeasible estate in fee-simple of the premises and has good right and full power to convey the same; that the same is clear of all incumbrances and liens, and that he warrants to the grantee, his heirs and assigns, the quiet and peaceable possession thereof, and will defend the title thereto against all persons who may lawfully claim the same; and the covenants and warranty shall be obligatory and binding upon any such grantor, his heirs and personal representatives, as if written at length in such deed."

Under this statute, when the plaintiff agreed to deliver a warranty deed conveying a merchantable title, it was an agreement that at the time of the making of the deed he was legally seized of an indefeasible estate in fee-simple title of the whole premises and that he had a good right and full power to convey the same. He entered into a contract which, under the statutes of this state, he could not perform. The general rule is that when plaintiff is unable to perform the contract on his part he cannot compel performance on the part of defendant. We see no reason why this rule should not be applied to the case at bar. Plaintiff in his petition pleads that he was to convey to defendants a fee-simple title. The contract, in effect, so provides. Plaintiff, under the law, could not convey such title. Equity, therefore, will not compel performance on the part of defendants. Plaintiff contracted to convey by warranty deed a good and merchantable title. He could not tender another and different title and compel acceptance thereof by defendants. Plaintiff does not ask that defendants be compelled to perform the contract actually entered into between the parties, but seeks to compel the performance of an entirely different contract. This he cannot do. The contract provides that each party shall execute deeds to their properties and place them in escrow together with abstracts, and when the abstracts are approved the trade shall be consummated. The deed placed in escrow by plaintiff contained a reservation of mineral rights. Plaintiff contends that the deed and contract should be construed together as one instrument, and that when so construed, the reservation in the deed is binding on defendants. We do not agree with this contention. Plaintiff, under the contract, was bound to place in escrow a warranty deed conveying a merchantable title. Plaintiff introduced evidence, over the objection of defendants, that defendants

were informed prior to the execution of the contract that the mineral rights in and to the land were reserved to the tribe by an act of Congress and that they could not be conveyed by plaintiff. Defendants deny that they were so advised. Mr. Lawrence testified that he was so advised by his attorney after he examined the title, and that he then refused to accept the deed. The court evidently found this issue in favor of defendants, as its general finding is in their favor. Under these circumstances, defendants are not bound by the reservation contained in the deed on the theory that both instruments should be construed together as one contract.

Judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., and CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. RILEY and ANDREWS, JJ., absent.